UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEMETRI ALEXANDER,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>NDOC et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:15-cv-02246-MMD-GWF<br><br>ORDER |

**I.   DISCUSSION**

Plaintiff is a prisoner proceeding *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and two applications to proceed *in forma pauperis*, a motion for permission to file extended complaint, and a motion for appointment of counsel. (Dkt. no. 1, 1-1, 2, 3, 4.) However, on at least three (3) occasions, this Court and the Ninth Circuit Court of Appeals has dismissed civil actions and appeals commenced by Plaintiff while in detention as frivolous or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

---

[1] *See Alexander v. Nevada Department of Corrections et al.*, 3:14-cv-00596-MMD-WGC (dismissed by the district court for failure to state a claim and dismissed by the appellate court as frivolous); *Alexander v. Sullivan et al.*, 3:14-cv-00589-RCJ-WGC (dismissed by the district court for failure to state a claim and dismissed by the appellate court as frivolous). The Court takes judicial notice of its prior records in the above matters.

malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff submitted his complaint on November 25, 2015. (Dkt. no. 1-1 at 1.) In his complaint, Plaintiff alleges retaliation, deliberate indifference, equal protection, and violations of the American with Disabilities Act and Rehabilitation Act based on Plaintiff's need and use of a wheelchair, cane, and brace from July 20, 2015 through October 4, 2015. (*See generally* dkt. no. 1-1.) Plaintiff also seeks a transfer to Three Lakes Valley Conservation Camp, a minimum custody and medical camp, because he had been eligible for eleven months for the transfer. (*Id.* at 7.) Plaintiff alleges that prison officials sent him to High Desert State Prison, a higher risk security facility, out of retaliation. (*Id.* at 8-9). The Court notes that the NDOC website indicates that Plaintiff is currently housed at Three Lakes Valley Conservation Camp. Plaintiff has not updated his address with the Court.

The Court finds that the allegations in the complaint fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). Furthermore, Plaintiff has "no justifiable expectation that he will be incarcerated in any particular prison within a State." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

## II. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's applications to proceed *in forma pauperis* (dkt. no. 1, 3) are denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.

///

It is further ordered that the Clerk of the Court send Plaintiff two (2) copies of this order. Plaintiff must make the necessary arrangements to have one (1) copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court retain the complaint (dkt. no. 1-1.)

It is further ordered that the Court defers a decision on the remaining motions (dkt. no. 2, 4) until the matter of the filing fee is resolved.

It is further ordered that if Plaintiff intends to proceed with this action, he must file his updated address with the Court within thirty (30) days of this order.[2]

DATED THIS 7th day of April 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Nevada Local Special Rule 2-2, "[t]he plaintiff shall immediately file with the Court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action with prejudice." Nev. Loc. Special R. 2-2.